FILED

November 10, 2015

TN COURT OF
WORKERS' COMPENSATION
CLAIMS

Time: 10:50 AM



# IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT KNOXVILLE

| | | |
|---|---|---|
| **THOMAS PHILLIP HUTCHINS, JR.,** | ) | **Docket No.: 2015-03-0385** |
| **Employee,** | ) | |
| | ) | |
| **v.** | ) | **State File No.: 58885-2015** |
| | ) | |
| **ROCKY TOP COATINGS,** | ) | **Judge: Lisa A. Knott** |
| **Employer.** | ) | |
| | ) | |
| | ) | |

## EXPEDITED HEARING ORDER DENYING BENEFITS

This matter came before the undersigned workers' compensation judge on the Request for Expedited Hearing filed by the Employee, Thomas Hutchins, pursuant to Tennessee Code Annotated section 50-6-239 (2014). The present focus of this case is Mr. Hutchins' right eye injury. The central legal issues are whether Rocky Top Coatings is exempt from providing workers' compensation coverage and whether Mr. Hutchins' eye injury arose primarily in the course and scope of his employment. For the reasons set forth below, the Court finds that Rocky Top Coatings was not exempt from obtaining workers' compensation coverage for its employees, but Mr. Hutchins failed to establish that his injury arose primarily out of and in the course and scope of his employment.[1]

### History of Claim

Mr. Hutchins is a forty-year-old resident of Anderson County, Tennessee. Allen Ridenour is the owner and operator of Rocky Top Coatings, which is a sole proprietorship that provides decorative coatings to various surfaces. Mr. Ridenour, Mr. Hutchins, and Harold Smith are the only people who work for Rocky Top Coatings.

During the week of July 6, 2015, Rocky Top Coatings performed pool deck work for a homeowner in Sweetwater. Mr. Hutchins alleged that, on July 7, 2015, a piece of concrete flew under his safety glasses while pressure washing and injured his right eye.

---

[1] A complete listing of the technical record and exhibits admitted at the Expedited Hearing is attached to this Order as an appendix.

Rocky Top Coatings does not dispute that Mr. Hutchins sustained an eye injury for which he received medical treatment and incurred expenses. However, Mr. Ridenour alleged Mr. Hutchins informed him and Mr. Smith that the injury occurred while mowing at home.

Mr. Hutchins filed a Petition for Benefit Determination seeking medical and temporary disability benefits. (T.R. 1.) The parties did not resolve the disputed issues through mediation, and the Mediating Specialist filed a Dispute Certification Notice. (T.R. 2.) Mr. Hutchins filed a Request for Expedited Hearing (T.R. 3), and this Court heard the matter on October 21, 2015. At the Expedited Hearing, Mr. Hutchins asserted he injured his right eye while working on July 7, 2015. Rocky Top Coatings countered that it is exempt from providing workers' compensation coverage pursuant to Tennessee Code Annotated section 50-6-902(b)(4) (2014), and, even if it were not exempt, Mr. Hutchins has not established that his eye injury arose primarily out of the course and scope of his employment.

## Findings of Fact and Conclusions of Law

The Workers' Compensation Law shall not be remedially or liberally construed in favor of either party but shall be construed fairly, impartially and in accordance with basic principles of statutory construction favoring neither the employee nor employer. Tenn. Code Ann. § 50-6-116 (2014). The employee in a workers' compensation claim has the burden of proof on all essential elements of a claim. *Tindall v. Waring Park Ass'n,* 725 S.W.2d 935, 937 (Tenn. 1987);[2] *Scott v. Integrity Staffing Solutions,* No. 2015-01-0055, 2015 TN Wrk. Comp. App. Bd. LEXIS 24, at *6 (Tenn. Workers' Comp. App. Bd. Aug. 18, 2015). An employee need not prove every element of his or her claim by a preponderance of the evidence in order to obtain relief at an expedited hearing. *McCord v. Advantage Human Resourcing*, No. 2014-06-0063, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Tenn. Workers' Comp. App. Bd. Mar. 27, 2015). At an expedited hearing, an employee has the burden to come forward with sufficient evidence from which the trial court can determine that the employee is likely to prevail at a hearing on the merits. *Id.*

Under Tennessee Code Annotated section 50-6-901(5) (2014), a "construction services provider" means any person or entity engaged in the construction industry. The Court finds that Rocky Top Coatings is a construction services provider because it provides decorative surfaces for items such as pool decks. Pursuant to Tennessee Code

---

[2] The Tennessee Workers' Compensation Appeals Board allows reliance on precedent from the Tennessee Supreme Court "unless it is evident that the Supreme Court's decision or rationale relied on a remedial interpretation of pre-July 1, 2014 statutes, that it relied on specific statutory language no longer contained in the Workers' Compensation Law, and/or that it relied on an analysis that has since been addressed by the general assembly through statutory amendments." *McCord v. Advantage Human Resourcing,* No. 2014-06-0063, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *13 n.4 (Tenn. Workers' Comp. App. Bd. Mar. 27, 2015).

Annotated section 50-6-902(a) (2014), unless subject to an exemption, all construction service providers are required to carry workers' compensation insurance on themselves, even if they employ fewer than five employees. Tennessee Code Annotated section 50-6-902(b)(4) (2014) provides an exemption for construction services providers from providing workers' compensation coverage for *themselves* when working directly for the owner of the property, as long as they are not acting as a general/intermediate contractor that subcontracts any of the work. Mr. Ridenour testified that Rocky Top Coatings contracted this job directly with the homeowner, was not a general or intermediate contractor, and did not sub-contract any of the work. The Court finds that as a sole proprietor, Mr. Ridenour qualifies for this exemption, which relieves him of the statutory obligation of providing workers' compensation coverage on himself.

However, Tennessee Code Annotated section 50-6-902(d) (2014) states the following: *"Nothing in this part shall be construed as exempting or preventing a construction services provider from carrying workers' compensation insurance for any of its employees. The requirement set out in this subsection (d) shall apply whether or not the provider employs fewer than five employees."* (Emphasis added.) Based on this section, the Court finds that Mr. Anderson's exemption does not extend to his employees and does not relieve his obligation or requirement to provide workers' compensation coverage for his employees.

Therefore, the Court must address the issue of causation. Mr. Hutchins stated in his affidavit that a piece of concrete came under his safety glasses and injured his eye while he was pressure washing a pool deck. He thought it would be okay, but it was bothering him the next day at work. He noted that he told Mr. Ridenour a piece of concrete hit him in the eye the previous day. (Ex. 1.) He received medical treatment for his eye injury.[3] Mr. Hutchins' girlfriend, Darla Goodman, testified that Mr. Hutchins went to work and his eye was fine, then he came home from work and it was injured. She also discussed some of the medical treatment that Mr. Hutchins received.

Mr. Ridenour testified that he saw Mr. Hutchins rubbing his eye at work and asked what was wrong. Mr. Hutchins said he had something in his eye, but it would be all right. Mr. Ridenour stated that Mr. Hutchins did not say concrete hit his eye and did not say he hurt his eye while working. Mr. Ridenour said the next day, Mr. Hutchins' eye was watering, and Mr. Hutchins said a blade of grass might have gone in his eye while he was weed eating.

Mr. Smith testified they always wear their safety glasses while working and he has never had anything fly up under his safety glasses. He was working with Mr. Hutchins

---

[3] Rocky Top Coatings objected to the introduction of Mr. Huchins' medical records and bills into evidence. The Court informed Mr. Hutchins that, due to the objection, if he wanted the Court to consider the records and bills, he would have to attempt to introduce them into evidence during the presentation of his case. Mr. Hutchins did not make an offer to introduce his medical records and bills into evidence during his case-in-chief.

while they were pressure washing and did not see anything fly into Mr. Hutchins' eye, did not hear him say anything about something going into his eye and did not see him flinch. Mr. Smith stated the next day, he saw Mr. Hutchins rubbing his eye and said it hurt, but he did not want to talk to Mr. Ridenour.

Based on the testimony provided during the Expedited Hearing, and the fact that Mr. Hutchins did not introduce any medical records into evidence, the Court finds Mr. Hutchins has not come forth with sufficient evidence from which this Court can conclude that he is likely to prevail at a hearing on the merits. Therefore, his request for medical and temporary disability benefits is denied at this time.

**IT IS, THEREFORE, ORDERED** as follows:

1. Mr. Hutchins' claim against Rocky Top Coatings for the requested medical and temporary disability benefits is denied at this time.

2. This matter is set for an Initial (Scheduling) Hearing on January 5, 2016, at 9:30 a.m. Eastern time.

**ENTERED this the 10th day of November, 2015.**

_____
**Judge Lisa A. Knott**
**Court of Workers' Compensation Claims**

Initial (Scheduling) Hearing:

An Initial (Scheduling) Hearing has been set with **Judge Lisa A. Knott, Court of Workers' Compensation Claims. You must call 865-594-0109 or toll-free at 855-383-0003 to participate in the Initial Hearing.**

**Please Note: You must call in on the scheduled date/time to participate. Failure to call in may result in a determination of the issues without your further participation.**

<u>Right to Appeal</u>:

Tennessee Law allows any party who disagrees with this Expedited Hearing Order to appeal the decision to the Workers' Compensation Appeals Board. To file a Notice of Appeal, you must:

1. Complete the enclosed form entitled: "Expedited Hearing Notice of Appeal."

2. File the completed form with the Court Clerk *within seven business days* of the date the Workers' Compensation Judge entered the Expedited Hearing Order.

3. Serve a copy of the Expedited Hearing Notice of Appeal upon the opposing party.

4. The appealing party is responsible for payment of a **filing fee in the amount of $75.00.** Within ten calendar days after the filing of a notice of appeal, payment must be received by check, money order, or credit card payment. Payments can be made in person at any Bureau office or by United States mail, hand-delivery, or other delivery service. In the alternative, the appealing party may file an Affidavit of Indigency, on a form prescribed by the Bureau, seeking a waiver of the filing fee. The Affidavit of Indigency may be filed contemporaneously with the Notice of Appeal or must be filed within ten calendar days thereafter. The Appeals Board will consider the Affidavit of Indigency and issue an Order granting or denying the request for a waiver of the filing fee as soon thereafter as is practicable. **Failure to timely pay the filing fee or file the Affidavit of Indigency in accordance with this section shall result in dismissal of the appeal.**

5. The parties, having the responsibility of ensuring a complete record on appeal, may request, from the Court Clerk, the audio recording of the hearing for the purpose of having a transcript prepared by a licensed court reporter and filing it with the Court Clerk within ten calendar days of the filing of the Expedited Hearing Notice of Appeal. Alternatively, the parties may file a joint statement of the evidence within ten calendar days of the filing of the Expedited Hearing Notice of Appeal. The statement of the evidence must convey a complete and accurate account of what transpired in the Court of Workers' Compensation Claims and must be approved by the workers' compensation judge before the record is submitted to the Clerk of the Appeals Board.

6. If the appellant elects to file a position statement in support of the interlocutory appeal, the appellant shall file such position statement with the Court Clerk within three business days of the expiration of the time to file a transcript or statement of the evidence, specifying the issues presented for review and including any argument in support thereof. A party opposing the appeal shall file a response, if

any, with the Court Clerk within three business days of the filing of the appellant's position statement. All position statements pertaining to an appeal of an interlocutory order should include: (1) a statement summarizing the facts of the case from the evidence admitted during the expedited hearing; (2) a statement summarizing the disposition of the case as a result of the expedited hearing; (3) a statement of the issue(s) presented for review; and (4) an argument, citing appropriate statutes, case law, or other authority.

# APPENDIX

Exhibits:

- EXHIBIT 1: Affidavit of Thomas Hutchins;
- EXHIBIT 2: Affidavit of Allen Ridenour;
- EXHIBIT 3: Affidavit of Harold Smith;
- EXHIBIT 4: Acuity Correspondence regarding denial of claim;
- EXHIBIT 5: First Report of Work Injury;
- EXHIBIT 6: Notice of Denial of Claim for Compensation, Form C23;
- EXHIBIT 7: Wage Statement, Form C41.

Technical record:[4]
1. Petition for Benefit Determination
2. Dispute Certification Notice
3. Request for Expedited Hearing
4. Employer's Response to Employee's Request for Expedited Hearing

---

[4] The Court did not consider attachments to Technical Record filings unless admitted into evidence during the Expedited Hearing. The Court considered factual statements in these filings or any attachments to them as allegations unless established by the evidence.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Expedited Hearing Order was sent to the following recipients by the following methods of service on this the 10th day of November, 2015.

| Name | Certified Mail | Via Fax | Via Email | Service sent to: |
|---|---|---|---|---|
| Thomas Phillip Hutchins, Jr. | X | | | 111 Melissa Lane Clinton, TN 37716 |
| Edward U. Babb, Esq. | | | X | ebabb@bvblaw.com |

Penny Shrum, Clerk of Court
Court of Workers' Compensation Claims
WC.CourtClerk@tn.gov